Sterrett, J.,
In appeals from interlocutory orders and decrees such as this, our almost invariable practice is not to discuss the questions that then appear to be involved, because, at that stage of the proceeding, the facts are seldom, if ever, fully developed, and, after the cause has proceeded to final hearing and decree on the facts found by the master and court below, it is likely to be brought before us for review on appeal by the unsuccessful party.
This appeal is from a preliminary injunction restraining appellants from collecting certain taxes assessed against appellees’ real estate, and subsequent decree continuing the injunction “until further order of the court.” The sole ground on which the injunction was asked is that the property in question is exempt from taxation under section 1, article ix of the constitution, in connection with the Act of May 14, 1874, passed for the purpose of carrying into effect the provisions of that section. The constitution declares : “All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be-levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity.” Section 2 of same article declares :: “All laws exempting property from taxation, other than the property above enumerated, shall be void.”
The Act, above referred to, entitled “An Act to exempt from taxation public property used for public purposes, and places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity,” declares “ that all churches, meeting-houses, or other regular places of stated *7 worship, with the grounds thereto annexed necessary for the occupancy and en joyment of the same; all burial grounds not used or held for private or corporate profit; all hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity, and all schoolhouses belonging to any county, borough or school district, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same; and all court-houses and jails, with the grounds thereto annexed, be and the same are hereby exempted from all and every county, city, borough, bounty, road, school, and poor tax: Provided, That all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived, shall be subject to taxation, except where exempted bylaw for state purposes, and nothing herein contained shall exempt the same therefrom.”
It will be observed that the constitution clearly specifies the kinds of property which the legislature is authorized to exempt from taxation; and, of course, any attempt to exempt other property not specifically enumerated must necessarily be abortive. It follows, therefore, that the real estate in question is not within the provisions of the exemption Act, unless the academy to which it belongs is an institution of purely public charity, because it is not within any of the other enumerated kinds of property which the legislature is authorized to exempt; nor can it be within the Act unless the institution is “ founded, endowed and maintained by public or private charity.” The Act itself, in express terms, makes the latter an essential condition of exemption from taxation. It is not enough that the institutions named in that clause of the Act be founded and endowed by public or private charity. They must also be substantially maintained by public or private charity; and therein is the fatal defect in appellees’ case. In the 4th paragraph of their bill, it is averred: “ The academy is maintained from the income derived from such property as has been given to or purchased by it, and from fees for tuition, which are at a much lower rate than institutions of a like grade. No rent is charged for the use of the academy, and all the receipts and income of the incorporation, after defraying the necessary expenses of maintenance, teachers’ salaries, etc., are applied to increasing the number of free scholars. The number of free scholars has ranged from sixteen to thirty, and, in addition, there are and have been half-pay scholars in number ranging from fifteen to twenty. The education of free and half-pay scholars is aided materially by the amount received from tuition fees. Any surplus above the necessary expenses of the institution is devoted to a fund to enlarge the free scholarships, and for every $2500 accumulated, it is provided that an additional free scholarship shall be maintained.”
What proportion of the amount expended in maintaining the academy is derived from tuition fees does not appear, but it is *8 claimed and virtually conceded tliat the institution is mainly dependent on tuition fees to meet its current expenses — that probably not less than seven-eighths of the amount required is derived from that source. It was incumbent on appellees to show that the institution under their care is at least substantially maintained by public or private charity. This has not been done. On the contrary, it may be fairly inferred that its chief source of maintenance is and has been tuition fees. If so, it cannot, in the constitutional sense, be regarded as an institution of purely public charity. In principle, the case is not distinguishable from Thiel College v. Mercer County, 101 Pa. 530, or Miller’s Appeal, 10 W. N. C. 168. In the latter, the facts disclosed by the record presented a much stronger claim for exemption than the case now under consideration. Hut it is not our purpose at present to do more than indicate the ground upon which, as the facts now appear, the injunction should be dissolved.
Decree reversed, and injunction dissolved at the cost of the appellees. J. C. S.