TRUSTEES OF THE YOUNG MEN'S CHRISTIAN ASSOCIATION v. CITY OF PATERSON.

The buildings of the Young Men's Christian Association of the city of Paterson are not used exclusively for charitable purposes, within the meaning of the act of May 16th, 1894 (*Gen. Stat., p.* 3320), which exempts buildings so used from taxation.

On *certiorari.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutors, *Pennington & Beam.*

For the defendant, *Thomas C. Simonton, Jr.*

The opinion of the court was delivered by

DIXON, J. The question for decision in this case is whether the property of the prosecutors was, in 1896, exempt from taxation under that clause of the supplement to the Tax act passed May 16th, 1894 (*Gen. Stat., p.* 3320), which exempts "all buildings used exclusively for charitable purposes, with the land whereon the same are erected, and which may be necessary for the fair enjoyment thereof."

The case shows that in 1896 the association consisted of about one hundred full members, who each paid an annual fee of $10; of about one hundred and eighty intermediate members, who each paid an annual fee of $7; of about two

hundred and sixty-five junior members and about one hundred and thirteen limited members, who each paid an annual fee of $2, and of about twenty-three sustaining members, who each paid an annual fee of $25; making the aggregate income from membership about $3,585. The buildings of the association contain an auditorium, used for its meetings and for lectures, concerts, entertainments and similar purposes; a reading-room, a library, parlors for games and social intercourse, a gymnasium, bowling-alleys and bathrooms. From these sources the association received an income of nearly $3,000, and, besides, it received "contributions" amounting to $660, which made a surplus of about $200 over its disbursements for that year.

The land and one of the buildings were originally given to the association by Mrs. John Cooke; the other building was erected by the association.

Of the various advantages of the association, the use of the reading-room alone is free; all other parts of the buildings are for the use of members only, except that the bowling-alleys are open to the public at a fixed price per game, and the auditorium is occasionally rented on terms satisfactory to the trustees.

In considering whether these buildings are used exclusively for charitable purposes within the meaning of the Tax act, we must bear in mind that the word "charitable," like most other words, is capable of different significations. In the law relating to "charitable uses" it has a very wide meaning, resulting from the desire of courts to support gifts which are prompted by a benevolent disposition. In this sense, a trust for founding a Young Men's Christian Association was deemed charitable in *Goodell* v. *Union Association*, 2 *Stew. Eq.* 32, and the term includes religious, educational and various other useful objects, although not all which are benevolent. *Thomson's Executors* v. *Norris*, 5 *C. E. Gr.* 489.

That the word has not so broad a meaning in the statute we are now considering is indicated by the statute itself, since it separately specifies for exemption many institutions which

in. this view are " charitable," and would have been appropriately embraced in so general a term.    But a stronger reason is found in the rule that in all statutes exempting private property from taxation, words descriptive of the property must receive the narrowest interpretation of which they are reasonably capable.    So interpreted, charitable purposes are eleemosynary purposes—purposes connected with the distribution of charity, *i. e.*, of aid to the needy.

It is impossible to hold that these buildings are in this sense used exclusively for charitable purposes.    With slight exceptions, those who use them are not the recipients of charity, but such as purchase the right to use them at a price deemed adequate.    For these exceptions the " contributions" may compensate the association, and to this extent the buildings are used for charitable purposes; but this is too small in proportion to the aggregate to give character to the whole so as to justify a statement that the purposes are exclusively charitable.    *Appeal of City of Philadelphia,* 15 *Atl. Rep.* 683.

The tax must be affirmed, with costs.