THE SISTERS OF PEACE v. BENJAMIN WESTERVELT, COLLECTOR, &c.

*Submitted November 9, 1899—Decided February 26, 1900.*

The fact that the profits of a commercial business are devoted to charity does not make the business itself a charitable one; nor is the place where the business is carried on for that reason used for charitable purposes.

On *certiorari*.

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutors, *Charles J. Roe.*

For the defendant, *William M. Sueffert.*

The opinion of the court was delivered by

GUMMERE, J.   The prosecutors complain that certain of their property in the borough of Englewood Cliffs has been subjected to taxation by the borough assessors in violation of the provision of the supplement to the General Tax act, passed May 16th, 1894 (*Gen. Stat., p.* 3320), which exempts "all buildings erected and used for religious worship and the land whereon the same are situate, necessary to the fair use and enjoyment thereof," and also "all buildings used *exclusively* for charitable purposes with the land whereon the same are erected, and which may be necessary for the fair enjoyment thereof."

The land assessed in this case consists of two parcels separated from each other by the steep, perpendicular wall of the Palisades.   One tract fronts on the Hudson river and extends to the foot of the Palisades, and the other fronts on top of the Palisades and extends west to Hudson Terrace.   These two plots are not connected; the lower one is entirely inaccessible from the upper, and, as appears from the testimony of the prosecutors themselves, is not used by them for any purpose whatever.

The claim that this lower tract is exempt from taxation under the provisions of the act of 1894 is consequently entirely groundless.

Upon the upper tract the prosecutors have erected a three-story frame building which they have designated as St. Michael's Villa on the Palisades, and which is used as a summer boarding-house.   There is also a barn and chicken-house upon the premises for use in connection with the Villa. Upon the tract the prosecutors have also erected a chapel which is used for religious worship.   The people who patron-

ize St. Michael's Villa, in general, pay for the accommodation afforded them, the income therefrom having amounted to about $6,000 in 1898, and to over $5,000 in 1897.

The chapel and the curtilage upon which it stands are clearly exempt from taxation by the very terms of the act of 1894, the building having been erected and the property being used for religious worship.

The ground upon which exemption is claimed for the remaining portion of the property is that it is used exclusively for charitable purposes. We do not think the use to which this property is put is a charitable one within the meaning of the Tax act. As has already been said by this court, in *Trustees* v. *Paterson,* 32 *Vroom* 420, property, in order to be exempted from taxation on this ground, must be used for "eleemosynary purposes—purposes connected with the distribution of charity, *i. e.,* of aid to the needy."

The use to which this property is put by the prosecutors has no connection with the distribution of aid to the needy, except to a very limited extent.

On the contrary, the purposes for which it is employed is almost purely commercial.

If it had been owned by an individual instead of by a charitable corporation, and used by him for the same purposes to which the prosecutors have appropriated it, I doubt if anyone would even have suggested that it was free from taxation, because of the character of its use.

But it is urged, on behalf of the prosecutors, that although the business of a boarding-house is carried on at St. Michael's Villa, the property is nevertheless used for charitable purposes, because all of the profits of the business are used in the aid of the needy. This contention cannot be supported. The fact that the profits of a commercial enterprise are either in whole or in part devoted to charity, certainly does not operate to render the business itself a charity, nor is the property in which it is carried on, by reason of such appropriation of profits, used for charitable purposes. *American*

*Sunday School Union* v. *Philadelphia*, 161 *Pa. St.* 307;
*First M. E. Church* v. *Chicago*, 26 *Ill.* 482.

The tax brought up by this writ should be affirmed, except
so much thereof as was levied upon the chapel of the prose-
cutors and the curtilage upon which it stands. So much of
the tax as was assessed upon the chapel and the curtilage
must be set aside. If the parties are not able to make an
apportionment of the tax on the lines which we have indi-
cated, application for that purpose may be made to the court.
Neither party will be allowed costs.