# Gassenheimer & Co. *v.* The State.

### *Tax Assessment.*

(Decided June 10, 1915.   Rehearing denied June 30. 1915.
69 South. 230.)

*Taxation; Property Subject; Exemption.*—The Act of February, 1915, (Acts 1915, p. 107) while exempting solvent credits from taxation and repealing all conflicting laws, has a prospective operation only, and does not have the effect to disturb assessments made and sustained by the taxing boards before the passage of the act, which was passed pending an appeal of the cause to the circuit court.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by the State of Alabama against S. Gassenheimer & Co. to collect taxes on solvent credits. From a judgment for plaintiff, defendants appeal. Affirmed.

The complaint is as follows: Comes the state of Alabama and alleges that heretofore, to wit, the 30th day of October, 1914, the county tax commissioner of Montgomery county made an assessment against the defendants for escape taxes for the years and for the items as follows:

Money lent, solvent credits, and credits of
value arising from business done in the state
of Alabama (excluding such as are secured
or evidenced by mortgage, deed of trust, or
written contract of conditionl sale, upon
which a tax imposed by law has been paid),

[Gassenheimer & Co. v. The State.]

owned by defendants Gassenheimer et al. on

| | |
|---|---|
| October 1, 1908 | $1,000.00 |
| The same on October 1, 1909 | 1,000.00 |
| The same on October 1, 1910 | 1,000.00 |
| The same on October 1, 1911 | 1,000.00 |
| The same on October 1, 1912 | 1,000.00 |
| The same of October 1, 1913 | 1,000.00 |

And the plaintiff alleges that thereafter in due course and on, to wit, November 2, 1914, said county tax commissioner of Montgomery county, Ala., certified said assessments as above described, and in the manner and form required by law, to the board of revenue of Montgomery county, Ala.

And the plaintiff further avers that the said cause was docketed and set for trial before the said board of revenue of Montgomery county, Ala., and upon due and legal notice upon defendants said cause came on to be heard on December 7, 1914, and upon the hearing and the evidence said assessments were in all things confirmed, and judgment was entered in favor of the plaintiff and against the defendant for the taxes due upon said assessment, together with 10 per cent, thereon as penalty in pursuance of the provisions of section 2266 of the 1907 Code.

And plaintiff avers that said items of property so assessed by the county tax commissioner and confirmed by the board of revenue were not assessed for taxation by defendants, or any other person, nor have any taxes been paid thereon.

Plaintiff further avers that said assessment is correct and should be confirmed, and that plaintiff should have and recover judgment against defendants for all taxes due upon said assessment, together with the penalty and interest thereon, as prescribed by law.

Plaintiff further avers that defendants are engaged in business in Montgomery county, Ala., and were so engaged during the years for which said assessments are made, and that the situs of the property so assessed is and was in Montgomery county, Ala.

The demurrers interposed were as follows: (1) The complaint shows on its face that defendants are not liable to be assessed as alleged in the complaint, for that the Legislature of Alabama in February, 1915, enacted a statute exempting solvent credits from taxation, and the complaint shows that said assessments are on account of solvent credits owned by defendants.

(2) The Legislature of Alabama has heretofore declared the policy of this state to be to exempt from taxation solvent credits.

(This case was reviewed by the Supreme Court under certiorari to the Court of Appeals, and the writ of certiorari was denied. 193 Ala. 680, 69 South. 1020.—Reporter.)

WEIL, STAKELEY & VARDAMAN, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

THOMAS, J.—Gassenheimer & Co., the appellants, prosecute this appeal from a judgment of the circuit court of Montgomery county rendered on May 28, 1915, and ratifying and confirming an order of the board of revenue of said county that was made on November 18, 1914, and which sustained as valid an assessment previously, on, to wit, October 30, 1914, made by the tax commissioner of said county against the appellants on solvent credits belonging to them in said county,

amounting to $1,000 in value, that had escaped taxes for each of the tax years 1908 to 1913, inclusive.

The state on the trial of the appeal in the circuit court filed a complaint, which the reporter will set out, and to which the defendants (appellants) interposed a demurrer, which will likewise be set out. The appeal is on the record proper, without a bill of exceptions, and the action of the court in overruling the demurrer is the sole question presented for review.

The contention that the court erred in overruling the demurrer is predicated upon the fact that on February 16, 1915, which was after the assessment here involved was made, and after such assessment was sustained by the said board of revenue, and after the appeal from the latter's decision was taken to the said circuit court, but before such appeal was there tried, the Legislature of the state passed an act (Laws 1915, p. 107) which repealed the statutes that authorized assessments upon solvent credits; it being insisted, in substance, that this repealing act operates retroactively, and that it destroys all assessments based on solvent credits that had not at the time of the passage of the act been collected.

None of the several cases cited by appellants in their brief in support of this insistence are exactly in point; but the case of *Hooper v. State,* 141 Ala. 116, 37 South. 662, cited by the Attorney General, is on all fours with the case here, and is conclusive against the contention of appellant, since the repealing act here before us, like the repealing act there construed, had reference to subjects of taxation, and bears on its face no indication of a legislative intent that it should operate retrospectively. In such case the general rule of construction is, as stated in the said *Hooper Case,* that it must be as-

sumed: "That the legislative intent is that the new en-
actment shall be of prospective force only, and shall not
disturb existing valid assessments."—*Hooper v. State,
supra.*

The act here under consideration contains only two
sections, and, each being brief, we here, for the purpose
of demonstrating the integrity of the position stated,
set them out, as follows: "Section 1. That money lent,
solvent credits, and credits of value, other than such as
are secured by mortgage, deed of trust, or a contract of
conditional sale, upon which a privilege tax is required
to be paid, shall be exempt from taxation.

"Sec. 2. That all laws and parts of laws in conflict
with the provisions of section 1 of this act, be and the
same are hereby repealed."

It follows that the judgment of the lower court con-
firming the said order of the board of revenue sustain-
ing the assessment must be, and is, affirmed.

Affirmed.