(80 South. 125)

KREUTNER v. STATE. (3 Div. 369.)

(Supreme Court of Alabama. June 29, 1918. Rehearing Denied Nov. 14, 1918.)

1. STATUTES ⟜162—CONSTRUCTION—RULES.

It is a rule of statutory interpretation that a general act is not to be construed as repealing a particular one.

2. STATUTES ⟜174, 175 — CONSTRUCTION — RULES.

The rules for interpretation of statutes are useful only in cases of doubt.

3. STATUTES ⟜235—CONSTRUCTION—RULES.

Where a valuable and constitutional right is involved, statutes must be construed with all reasonable favor to the accused and the right asserted.

4. JURY ⟜10—JURY TRIAL—STATUTES—REPEAL.

Acts 1915, p. 939, entitled an act "to regulate and prescribe the method of securing jury trials in civil causes at law and in misdemeanors," etc., which in section 2 prescribed the method of securing a jury trial in all misdemeanor causes superseded, and by implication repealed the provisions as to jury trials in the earlier Act of January 23, 1915, relating generally to violations of the prohibition law.

McClellan, Gardner, and Thomas, JJ., dissenting.

Certiorari to Court of Appeals.

Henry Kreutner was convicted of crime, and, the conviction being affirmed by the Court of Appeals, defendant brings certiorari. Judgment of Court of Appeals reversed, and cause remanded.

See, also, 16 Ala. App. 553, 80 South. 127.

Goodwyn & McIntyre, of Montgomery, for appellant.

F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

SAYRE, J. The act "to regulate and prescribe the method of securing jury trials in civil causes at law and in misdemeanors, and to prescribe how such causes shall be tried without the intervention of a jury and reviewed" (Acts 1915, p. 939), was one of a number of acts passed at the same session of the Legislature through which ran a general purpose to provide a remedy for a situation described by the judiciary recess committee in part as follows:

"Our procedure is almost as varied as the number of courts and burdened by many technicalities which hamper rather than promote justice." House Journal, vol. 1, p. 1571.

Section 1 of the act provided:

"That in all civil causes at law in the circuit court the issue and question of fact shall be tried by the judge of the court without the intervention of a jury unless a jury trial be demanded," etc.

Section 2 of the act provided:

"That in all misdemeanor causes in the circuit court, the issue and question of fact shall be tried by the judge of the court without the intervention of a jury except in causes where a trial by jury is demanded," etc.

True, that about eight months previously, within five days of the beginning of its session, while there were in various parts of the state inferior courts, each with its own peculiar jurisdiction and procedure, and before the reform of our judicial system had gathered headway, the same Legislature had done its part in the passage of the act approved January 23d, 1915 (Acts, p. 8 et seq.), commonly known as the act for the enforcement of the prohibition laws of the state, section 32 of which provided that—

"If the prosecution is begun in a court in which jury trials are provided for, the defendant may at the time he gives bond or within five days thereafter file in the cause a demand for trial by jury, or if he does not give bond, he may within five days after his arrest file in the court a demand for a jury trial, in which event such jury trial shall be allowed."

[1, 2] There is also the rule of interpretation, referred to in City Council of Montgomery v. National Building & Loan Ass'n,

108 Ala. 342, 18 South. 816, "things general do not derogate from things special"; but all such rules are useful only in cases of doubt, and in such cases other rules may come into play. To say that a general act is to be construed as not repealing a particular one—that is, one directed towards a special object or a special class of objects—is but to make a particular application of the general presumption against an intention to alter the law beyond the immediate scope of the statute. Endlich, Interp. Stat. § 223.

[3] If the legislative intention were in doubt, another principle of construction would conduce to the conclusion that the later was intended to modify the earlier act in respect to the waiver of trial by jury, a principle founded in a proper and necessary judicial bias against the renunciation of a valuable common and constitutional right: Where such a right is involved, the construction must lean with all reasonable favor to the accused and the right asserted. Cross v. State, 78 Ala. 430; Curlee v. State, 75 South. 268.[1] In Alford v. State ex rel., etc., 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093, Mayfield, J., has made a statement of the authorities which shows with what jealousy the courts have guarded the right of trial by jury in criminal cases. The construction here in question involves the right of trial by jury.

[4] The question of implied repeal is one of implied intention, and the precise question at issue is whether the later statute intended to prescribe a uniform rule in cases of misdemeanor. The circumstances attending the passage of these two acts, which are known of all men even where they are not matters of legislative record, the fact that the Legislature was engaged in a general effort to bring about uniformity in the courts of the state and in their procedure, add, if possible, to the force of the language of the latter act which in terms affects "all misdemeanor cases in the circuit court." Can it be doubted that the first section of the act was intended to operate "in all civil cases at law in the circuit court"? There is absolutely no uncertainty or ambiguity in its language; it is clear to every intent. And yet it is not more clear than the language of the second section, nor is there any more reason in the legislative history or the nature of the subject why uniformity should be preferred in one case more than the other. When the statute said "in all misdemeanor cases in the circuit court," it meant "in all misdemeanor cases in the circuit court." Yniestra v. Tarleton, 67 Ala. 126; Posey v. Pressley, 60 Ala.

243. Since the passage of the act of January 23d, the circuit and chancery courts had been consolidated, numerous local courts had been abolished, the circuit court had been retained as the only court of general jurisdiction in the state, and a number of acts had been passed or were under consideration and about to be passed looking to uniformity and some degree of simplicity in the practice. In the act of September 28th, it seems plain enough the Legislature was revising the entire subject as to when and how jury trial should be demanded in civil and misdemeanor causes and what should be the effect of a failure therein. In such case the rule of interpretation upon which the argument for the state rests, the rule as to general things and things special, does not apply. To the extent of the revision the revisory statute works a repeal of former statutes on the same subject. Illustrations of this process are found in Ex parte Herrington, 87 Ala. 1, 5 South. 831; Scott v. Simmons, 70 Ala. 352; and Lemay v. Walker, 62 Ala. 39.

Further statement seems unnecessary. It may be added, however, that while the act of September 28th, as we think it must be construed, makes some extension of the time within which the accused in this peculiar class of cases may ask for a trial by jury, the extension is so arranged as not to interfere with a trial at the first trial term of the court after the arrest of the accused, and in all misdemeanor cases, so far as procedure is concerned, puts all men on an equal footing before the law. Without impairing in the least the authority of the act of January 23, 1915, in any other respect whatever, we hold that petitioner's demand for a jury, made in accordance with the provisions of the act of September 28, 1915, should have been allowed by the trial court.

The writ of certiorari is awarded; the judgment of the Court of Appeals is reversed; the cause is remanded to that court for further proceedings in agreement with this opinion.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

McCLELLAN, GARDNER, and THOMAS, JJ., dissent, entertaining the view that the apt precedents and principles and logical considerations set forth in the opinion of Brown, P. J., for the Court of Appeals (Kreutner v. State, 80 South. 127[2]) demonstrate the correctness of the conclusion attained in the trial court and affirmed by the Court of Appeals.

---

[1] 16 Ala. App. 62.

[2] 16 Ala. App. 553.