(122 So. 650)

**HAWKINS, Tax Collector, v. PEOPLE'S FINANCE & THRIFT CO. (6 Div. 399.)**

Supreme Court of Alabama. May 30, 1929.

Rehearing Denied June 13, 1929.

Horace C. Wilkinson, of Birmingham, for appellant.

R. B. Evins, of Birmingham, for appellee.

GARDNER, J. Plaintiff, as a domestic industrial loan corporation, duly and legally assessed its capital stock for the year commencing October 1, 1926, and on January 30, 1928, paid under protest the taxes arising from such assessment. This suit followed for a recovery of said taxes so paid, based upon the theory that, under the provisions of section 25 of the General Revenue Law approved July 22, 1927 (Gen. Acts 1927, p. 166), plaintiff was exempt from the assessment and payment of such tax, and that such exemption retrospectively affected the assessments which had been entered for the tax year beginning October 1, 1926.

The cause was tried before the court without a jury upon an agreed statement of facts, resulting in a judgment for the plaintiff, from which defendant has prosecuted this appeal.

The exemption contended for by plaintiff is in the nature of an exception or proviso embodied in said section 25 of the Revenue Law in the following language: "Provided, however, that the provisions of this Act, shall not apply to the shares of stock of domestic or foreign mortgage companies or corporations whose chief business is making loans on real estate, or purchasing mortgages and mortgage notes on real estate; nor shall this Act apply to the shares of domestic or foreign industrial loan companies or corporations, it being hereby expressly enacted that all shares of stock of such domestic and foreign mortgage companies or corporations and domestic and foreign industrial loan companies or corporations, shall be exempted from assessment and the payment of ad valorem taxes." This revenue law was approved July 22, 1927,

and the taxes, for the recovery of which this suit was instituted, became due and payable on October 1st thereafter.

The pivotal question, therefore, here presented, is whether or not it was the legislative intent that the above-noted exemption should have application to assessments already established and as to which the taxes would become due in a short period of time.

■ It is the general rule of statutory construction that statutes are to be construed as having only a prospective operation, unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. New England Mtg. Co. v. Board of Revenue, 81 Ala. 110, 1 So. 30; Barrington v. Barrington, 200 Ala. 315, 76 So. 81; 36 Cyc. pp. 1205, 1206. This rule has application to tax statutes (New England Mtg. Co. v. Board of Revenue, supra; 2 Cooley on Taxation, § 514), and is therefore properly to be applied to section 25 of the General Revenue Law.

■■ But a reading of the section suffices, without reference to any rule of construction, to demonstrate the legislative intent that its provisions should operate prospectively. The exemption claimed is by way of a proviso to said section 25, and is to be construed in connection therewith. 36 Cyc. 1161, 1162. But the Legislature left no room for doubt as to intention for prospective operation only, as in one of the concluding sections of the General Revenue Law (section 80) it is expressly stated that "except as otherwise provided in this Act, all the provisions of this Act shall go into effect on the first day of October, 1927." As a part of the provisions of the act is section 25, which must therefore speak prospectively, and the exemption claimed is a part of said section, a proviso embodied therein, and should likewise be construed as speaking in the future and to become, with the other provisions of said section, effective as of October 1, 1927.

The cases of Hooper v. State, 141 Ala. 111, 37 So. 662, and Gassenheimer & Co. v. State, 13 Ala. App. 506, 69 So. 230 (certiorari denied, 193 Ala. 680, 69 So. 1019), are here much in point.

While, as contended by counsel for plaintiff, there was no affirmative exemption in those cases, yet the repeal of the former statute served the purpose of exemption as to the future, and the reasoning employed is applicable here, with particular reference to the following in the Hooper Case, supra: "The assessment begins October 1; the fiscal tax year begins and the lien for taxes attaches on that date. * * * At that date, all the property described in said subdivision 7 [(Code 1896, § 3911) the repealed statute], was by the statute expressly subjected to taxation. * * * The repeal of said subdivision * * * did not affect the liability of the tax payer for taxes which had already be-

come a charge on his property. There was nothing in the repealing statute to indicate the intention that it was to be retroactive. 'In general, when a tax system is revised, with a repeal of the former law, it is safe to assume that the legislative intent is that the new enactment shall be of prospective force only, and shall not disturb existing valid assessments.' 1 Cooley on Taxation, pp. 21, 22."

Plaintiff's insistence that the proviso discloses a legislative intent that it was to have retroactive effect is rested largely upon its concluding phrase: "It being hereby expressly enacted that all shares of stock of such domestic and foreign mortgage companies or corporations and domestic and foreign industrial loan companies or corporations, shall be exempted from assessment and the payment of ad valorem taxes"; the argument being that previous exception from the provisions of the section of corporations of this character sufficed for all purposes, and the concluding clause was therefore unnecessary, unless intended to exempt from payment of the tax on the assessment already made.

Section 25 deals with both the assessment and the payment of the tax, and it was but natural that the Legislature, in order to make more emphatic the exemption of such corporations therefrom, should use like phraseology. We think this is made clearer when it is considered that the language relied upon is used in connection with the language of the exception, and follows immediately thereafter in the same sentence, indicating an expression of the same thought in more plain and emphatic language. We are unable to construe these words as indicating an intent that the exemption should have a retroactive effect.

The suggestion of plaintiff that exemption statutes of this character should receive a liberal construction runs counter to the current of authorities holding that, "since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous language * * * and if an exemption is found to exist it must not be enlarged by construction." 2 Cooley on Taxation (4th Ed.) § 672, and authorities cited in the notes; 36 Cyc. p. 1190.

We conclude the exemption proviso, as did the provisions of the section of which it is a part, was intended to have prospective operation only, and with no legislative intent to disturb existing valid assessments. The ruling of the trial court was not in accord with these views. The judgment will therefore be reversed, and one here rendered for the defendant.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.