35 So.2d 484

**TOUART v. AMERICAN CYANAMID CO.**

1 Div. 316.

Supreme Court of Alabama.

April 8, 1948.

Rehearing Denied May 13, 1948.

A. A. Carmichael, Atty Gen., Gardner
F. Goodwyn, Jr., of Bessemer, and Williard
W. Livingston, Asst. Atty. Gen., for ap-
pellant.

Vickers, Leigh & Thornton and Norvelle
R. Leigh, III, all of Mobile, for appellee.

554

GARDNER, Chief Justice.

The American Cyanamid Company filed the . bill in this cause against the Tax Assessor of Mobile County seeking a declaratory judgment to the effect that the extensions, additions and betterments of its plant, exceeding in cost $50,000.00, within a period of one year, were exempt from taxation by virtue of the provisions of section 6 in connection with section 10, Title 51, Code of 1940, and that such exemption is to continue for ten years.

Upon pleadings and proof for final decree, the chancellor granted a declaratory decree in accordance with the prayer for relief, declaring such additions exempt from state, county and municipal taxation for ten years from October 1946. From this decree, the tax assessor prosecutes this appeal.

Concerning the preliminary question as to whether or not the declaratory judgment proceeding was justified in view of our constitutional inhibition relating to suits against the State, we think the citation of Curry v. Woodstock Slag Corporation, 242 Ala. 379, 6 So.2d 479, 480, suffices for an answer. Here, as there, a controversy existed between an individual and the office holder, and no injunctive or other relief is sought save a declaratory judgment or decree to settle the controversy. As observed in the Curry case, supra, "When it is only sought to construe the law and direct the parties, whether individual or State officers, what is required of them under a given state of of facts, to that extent it does not violate section 14, Constitution." Applying this rule to the instant case, we think the appropriate remedy was pursued.

Coming to the merits of this appeal, we feel impelled to the conclusion the

chancellor fell into error in holding these additions exempt for the ten year period.

As we understand the record, appellee has enjoyed an exemption for practically a ten year period under what is now section 10, Title 51, Code of 1940. It seeks this exemption for additions and betterments for an additional ten year period under the provisions of section 6, construed in connection with said section 10, all of which is rested upon the word "Chapter," as found in a proviso of said section 6.

We are not unmindful of the authorities cited by counsel for appellee as to the duty of the Court in construing statutes. We cite a few of these cases: State v. Praetorians, 226 Ala. 259, 146 So. 411; Kruetner v. State, 202 Ala. 287, 80 So. 125; Tucker v. McLendon, 210 Ala. 562, 98 So. 797; Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86; Street v. Cloe, 207 Ala. 631, 93 So. 591; Holt v. Long, 234 Ala. 369, 174 So. 759; Southern Industrial Institute v. Lee, 234 Ala. 404, 175 So. 365; Brooks v. Mobile School Com'rs, 31 Ala. 227.

■ Nevertheless, it must be kept in mind that we are here dealing with a proviso in section 6, supra, the appropriate office of which is to restrain or modify the enacting clause, or preceding matter, and should be so confined, unless it is apparent it should apply to some other matter. Wartensleben v. Haithcock, 80 Ala. 565, 1 So. 38; Hawkins v. Peoples Finance & Thrift Co., 219 Ala. 558, 122 So. 650.

We are persuaded this proviso in section 6 is limited in its application to matters previously set forth in this section. Both sections 3 and 6 of Title 51, Code of 1940, originated in section 3 of the General Revenue Act of 1935. General Acts 1935, page 256. This original section 3 required the consent of the county or municipal authorities for such exemption, and the approval of the proper State authority as to State taxes. What is now section 10, Title 51, Code of 1940, was the original section 4 of the 1935 Act, supra.

■ Counsel for appellant argue the unconstitutionality of said section 10. But bearing in mind the wide latitude of discretion vested in the lawmaking body in the selection of the type of industrial plants that should enjoy tax exemptions, we are unwilling to hold the provisions of section 10, exempting for a ten year period plants manufacturing calcium cyanamide, aluminum or aluminum products, is a capricious and arbitrary exercise of legislative discretion. Varying reasons may suggest themselves for such exemptions, but we do not consider it necessary here to enter into such discussion. We are persuaded the following authorities, noted by counsel for appellee, suffice to sustain the constitutionality of section 10, supra. Bell's Gap R. Co. v. Commonwealth of Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892; Crow v. General Cable Corporation, 223 Ala. 611, 137 So. 657; State v. Alabama Fuel & Iron Co., 188 Ala. 487, 510, 66 So. 169, L.R.A.1915A, 185, Ann.Cas.1916E, 752.

In section 7, Title 51, Code of 1940, it is expressly provided that to obtain the benefits of the exemptions in the preceding section, application must be duly made to the State Revenue Department with some degree of particularity as to description and the like.

But for the reason the proviso in the concluding part of section 6, supra, uses the word "Chapter," rather than "section," appellee would omit all reference to section 7, and have granted an automatic exemption allowed under section 10, supra, for this character of plant, though in fact section 6 makes no reference to this particular type of plant exemption.

■ Of course it is a well recognized rule that exemptions are construed against the taxpayer and in favor of the taxing authority. Pullman Car & Mfg. Corporations v. Hamilton, 229 Ala. 184, 155 So. 616.

■ In codifying this portion of the Act of 1935, supra, the Code Committee inserted the word "Chapter" in this provision, whereas the original had used the word "Act". We fully recognize the strength of the ingenious and plausible argument of counsel for appellee that the Court is not justified in taking other than

the literal language of the statute. But there are instances where this becomes necessary in order to carry out the true legislative intent, which after all is the purpose of the Court. Appellant has cited a very apt authority in Rawls v. Doe, 23 Ala. 240, 48 Am.Dec. 289, which likewise involved the construction of a proviso. There the holding was that the word "act" should be read as "section," in order to carry out the legislative intent. Other authorities are to like effect. Ex parte Pea River Power Co., 207 Ala. 6, 91 So. 920; Harrington v. State ex rel., 200 Ala. 480, 76 So. 422; Abramson v. Hard, 229 Ala. 2, 155 So. 590; Leath v. Wilson, 238 Ala. 577, 192 So. 417; City of Montgomery v. Royal Exch., 5 Ala.App. 318, 59 So. 508. "A literal interpretation will not be adopted when it would defeat the purpose of a statute, if any other reasonable construction can be given to the words." Harrington v. State ex rel., supra [200 Ala. 480, 76 So. 424].

It is too clear for discussion that to apply the proviso here in question to section 3, supra, would be to place restrictions upon this latter section that were never intended, as for instance the matter of time limit and that of valuation of improvements. Sections 3 and 6, supra, do not altogther apply to the same industries, such as factories for spinning thread, knitting and weaving cloth, rayon and silk, and the manufacturing of wearing apparel, as well as aeroplanes, exempt by counties and cities if the authorities so desire, as in section 3, supra, but are not enumerated in section 6, supra.

Like observation applies to the matter of capital stock. And in section 3, supra, the exemption prima facie ceases if the plant is not operated for twelve months; while in section 6, supra, the requirement is six months. As to section 10, supra, there exists no such provision as to cessation of the exemption. This section 6 was originally subdivision C of section 3, as found in General Acts of 1935, beginning at page 261. In subdivision C application was made to the State taxing authorities for the exemption. The plants covered by what is now section 10, Title 51, Code, was the original section 4 of the Act, and was entirely separate and apart from the foregoing subdivision C in section 3. Not only so, but the original Act in section 3 fixed a date as to its operation. We have read and noted the amendatory acts of 1936 and 1939 (General Acts 1936, Extra Session, beginning on page 46, and Regular and Special Session 1939, beginning on page 531). These amendatory acts treat specifically what is in the present Code as sections 3 and 6, supra. But section 4 of the original Act, now section 10, supra, deals with a particular character of business plants, and grants an automatic exemption for a ten year period without qualification as to time or value. The proviso in section 6, supra, as we have previously observed, ordinarily is construed strictly, and as referring to that which preceded it. There was no connection in the original Act or in the Code between sections 6 and 10, supra, save the one word "chapter," rather than "section."

We are persuaded that to apply the word "chapter" literally would be a strained and unnatural construction, especially in view of the history of the Act, and would run counter to the plain legislative intent. It is a case where the spirit of the Act, the real intention of the lawmakers, rather than the literal word used, must and should control. 59 Corpus Juris 964.

Nor have we overlooked the question of administrative construction contended for by appellee. But the conflicting views, as demonstrated by appellant as to the opinions of the attorneys general upon this question, do not justify extended discussion of this point.

We have given the matter due study in consultation, and are fully convinced that this is the reasonable and logical construction to be given these Code sections.

The decree rendered granting the exemptions sought relates back to cover some two years of the original ten year exemption under section 10, supra, of the Code. The argument appears to be that for these two years the exemption was fully justified, regardless of the conclusion upon other matters.

We were at first impressed with argument for appellant that the betterments or additions to this original plant were subject to taxation, even for the two years remaining of the tax exemption period for the cyanamide plant. True, according to the proof the cost of this addition far exceeds the cost of the original plant. But the matter of cost is of course not of controlling importance. The plant here in question was supplemented by this additional unit adjacent to the original plant for the production of sulphuric acid; it is upon the same grounds and connected by pipe lines only with the original plant. The evidence is to the effect that this sulphuric acid is necessary for the operation of the cyanamide plant, which is entitled to the automatic exemption under section 10, supra. Heretofore the sulphuric acid has been purchased elsewhere. It was merely the purpose to manufacture the sulphuric acid upon the grounds and connect it by pipe lines with the original plant, presumably as a matter of economy. The argument is forceful, that had these additions been included in the original construction of the plant they would clearly have been entitled to the exemption and constituted one factory or plant. We conclude it is yet one plant now made complete by these additions.

Upon reconsideration, on application for rehearing, we have concluded that the case noted by appellant, Leaf Hotel Corporation v. City of Hattiesburg, 168 Miss. 304, 150 So. 779, is not here applicable, and that under the proper construction of our statutes appellee should not be taxed for the two remaining years of the original ten year exemption period, as provided by section 10, supra. The original opinion here rendered is modified to this extent, and the decree of the lower court as to the declaration of exemptions for these two years is due to be affirmed.

We have given careful reconsideration to the main question presented on this appeal and find ourselves unwilling to modify the original opinion in this respect as rendered concerning the construction of the statute here in question. An order will accordingly be entered affirming the decree of the court below in so far as it grants exemption for these two remaining years of the ten year period, and a reversal in other respects, as indicated. The opinion is modified and application for rehearing overruled.

Affirmed in part; and in part reversed and rendered.

All the Justices concur.