93 So.2d 781

YOUNG MEN'S CHRISTIAN ASSOCIATION OF BIRMINGHAM

v.

STATE of Alabama.

6 Div. 924.

Supreme Court of Alabama.

March 14, 1957.

Irvine C. Porter, Birmingham, for appellant.

---

1. Ante, p. 635.

John Patterson, Atty. Gen., Willard W. Livingston and Jas. R. Payne, Asst. Attys. Gen., for appellee.

COLEMAN, Justice.

Appellant is a charitable corporation organized under laws of Alabama, with principal office in Birmingham.

The Department of Revenue of the State of Alabama levied an assessment against appellant for use tax. As provided by statute, appellant appealed to the circuit court, in equity, and there filed its bill of complaint.

The bill prayed for a decree setting aside the assessment, and declaring that § 12 of Title 51, Code of 1940, exempts appellant from liability for use tax on its tangible personal property used, stored, or consumed by appellant in carrying out its objectives in Jefferson County, Alabama, and for general relief.

The State demurred, assigning as grounds, that the facts alleged fail to disclose nonliability and that § 12 of Title 51 does not exempt appellant from liability for use tax levied under Title 51, §§ 787 to 811, inclusive, Code 1940.

The demurrer was sustained and, appellant not wishing to amend, the bill of complaint was dismissed, costs taxed against appellant, and the assessment for $372.35 with interest, affirmed, and execution authorized against appellant and sureties. Appellant appeals to the Supreme Court.

Errors assigned are that the court below erred in: (1) sustaining State's demurrer; (2) in finding that charitable use of appellant's property is not the subject matter of the exemption provided by § 12, Title 51; and (3) in affirming the tax assessment against appellant for $372.35 and costs.

### Question in the Case.

■ ▇▇▇▇ The question to be decided is stated in the decree of the court below and in brief of appellant as follows:

"* * * The bill and demurrer present purely a question of law as to whether or not the complainant-appellant is subject to the 'Use Tax' as against the exemption provided in Code 1940, Title 51, Section 12, where the property with reference to which the Use Tax was levied was devoted entirely to charitable purposes."

By sustaining the demurrer, the trial court ruled that the appellant is subject to the use tax and is not exempt from same by virtue of § 12 of Title 51.

### Holding.

We are of the opinion that the decree appealed from is correct for the following reasons:

First. The use tax is levied by § 788, Title 51, Code 1940, which recites in part as follows:

"An excise tax is hereby imposed *on the storage, use or other consumption* in this state *of tangible personal property purchased at retail* * * * for storage, use or other consumption in this state * * *." (Emphasis supplied.)

By the language of the statute, the tax is imposed on the storage, use, or other consumption of the specified property. The tax is not, by the language of the statute, imposed on the property.

"Under the Use Tax Act the use (technically storage, use or consumption) is the taxable incidence." Paramount-Richards Theatres, Inc., v. State, 256 Ala. 515, 526, 55 So.2d 812, 820.

The contention that the use tax is levied on property was presented in National Linen Service Corp. v. State Tax Commission, infra.

In that case, construing § 2(d) of the Sales Tax Act, Acts 1936–37, Ex. Session, p. 125, which in effect imposed a use tax, in answer to that contention, this court said in part:

"Under these uniformity provisions of our constitution if the tax levied by Section 2(d) is a property tax, it is illegal and void, and this subdivision is

stricken from the statute by the constitution.

"Appellant insists, first, that on the face of this subdivision the tax is levied on property.

\*    \*    \*    \*    \*    \*

"The statute does not say the tax is levied on the articles, but a per centum on their fair market value. As often declared, the scheme of taxation is to be viewed as a whole. This court has often considered this statute, and declared its purpose, on the whole, to levy excise taxes. \* \* \*

\*    \*    \*    \*    \*    \*

"We do not think in Alabama the Legislature may impose a tax, whether called an excise or not, upon the mere use of property for the purposes of its ownership.

\*    \*    \*    \*    \*    \*

"In viewing the tax levied by Section 2(d) as a tax on the mere use of property, appellant takes too narrow a view of the statute.

"The tax is levied on precisely the same business activity, so far as the consumer is concerned, as if the property was purchased from a local retail dealer.

\*    \*    \*    \*    \*    \*

"We are of opinion the statute in question is not subject to any of the constitutional objections presented." National Linen Service Corp. v. State Tax Commission, 237 Ala. 360, 186 So. 478, 482.

This court referred to that contention and the National Linen case, supra, when it later said:

"This reasoning is as expressed in our case of National Linen Service Corp. v. State Tax Commission, supra. The entire trend of present judicial thought is to hold that a use tax so set up is not violative of the limitations in our Constitution on ad valorem tax-

ation. \* \* \*" Layne Central Co., v. Curry, 243 Ala. 165, 8 So.2d 839, 841.

In § 789 of Title 51, Code 1940, certain exemptions from use tax are provided for. In creating these exemptions, the language used is not that the "following tangible personal property" is exempt, but is as follows:

"The *storage, use or other consumption* in this state of the following tangible personal property *is* hereby specifically *exempted from the tax* imposed by this article: \* \* \*." (Emphasis supplied.)

This Code section appears to have been amended three times, in 1943, 1947, and 1949, respectively. The part of the section above quoted has remained unchanged.

At least seven other exemptions from use tax appear to have been created by legislative acts which appear in Pocket Part of 1940 Code as Title 51, § 755, Subsections 5 to 8, and 10 to 12, inclusive.

In four of those subsections, the language used is that the "storage, use, or other consumption" is specifically exempted from use tax. In one subsection, the "use, storage, or consumption" is exempted; and in two subsections the property is exempted "from the computation of the tax" levied by Article 11 of Chapter 20, Title 51, Code 1940, as amended, which is the Use Tax article of that chapter.

Different language is employed to create a tax exemption in § 12 of Title 51, Code 1940, which in part recites:

"*All real and personal property of all Young Mens' Christian Associations,* and of any branch or department of same, heretofore or hereafter organized and existing in good faith in the State of Alabama for other than pecuniary gain and not for individual profit, when such real or personal property shall be used by such associations, their branches or departments in and about the conducting, maintaining, operating and carrying out of the pro-

gram, work, principles, objectives, and policies of such associations, their branches or departments, in any city or county of the State of Alabama, *is exempted from any and all* state, county, and municipal *taxes,* licenses, fees and charges of any nature whatsoever. * * *" (Emphasis supplied.)

In § 12, supra, it is the "property" and not the "storage, use, or other consumption" thereof, which is exempt from taxation. In order to hold that § 12 creates an exemption from use tax, we would be forced to construe "property" to include "storage, use or consumption" in the sense that the latter words are used in the Use Tax statutes. We have not found any other exemption from use tax created by such a construction of the word "property," and are of the opinion that an exemption from use tax was not created by the language used in § 12.

This conclusion is, we think, required by the rule stated by this court as follows:

"The suggestion of plaintiff that exemption statutes of this character should receive a liberal construction runs counter to the current of authorities holding that, 'since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous language * * * and if an exemption is found to exist it must not be enlarged by construction.' 2 Cooley on Taxation (4th Ed.) § 672, and authorities cited in the notes; 36 Cyc. p. 1190." Hawkins v. People's Finance & Thrift Co., 219 Ala. 558, 122 So. 650, 652.

Second. Appellant argues that its property is exempt from ad valorem tax under § 2(a) of Title 51, which exempts from ad valorem tax " * * * all property * * * used exclusively for * * * purposes purely charitable * * *."

Therefore, says appellant, § 12 of Title 51 is superfluous if it does nothing more than exempt appellant's property from ad valorem tax and provides no additional exemption.

At this point, we deem it proper to point out the limits of this decision. In the instant case, we decide that § 12 of Title 51 does not exempt appellant from liability for use tax. We do not decide that § 12, Title 51, does or does not exempt appellant from liability for any other tax, license, fee, or charge.

Appellant says further that the additional exemption must have been intended by the legislature, because §§ 2 and 12 of Title 51, Code 1940, were enacted by the same legislature in adopting the 1940 Code.

Whatever the legislature may have intended, the language of § 12 says the "property" of appellant is exempt from tax, and *does not say that the appellant corporation or the "storage, use or other consumption" of its property is exempt.* By apt words, the legislature could have expressed an intent to exempt appellant and the storage, use, or other consumption of its property from tax liability, but such words were not employed.

" * * * We can only learn what the Legislature intended by what it has said, and have no right 'to stray into the mazes of conjecture or search for an imaginary purpose.' " Holt v. Long, 234 Ala. 369, 174 So. 759, 761.

Investigation shows that by Act of February 19, 1919, page 176, the legislature provided: In § 1 that ten or more persons desiring to form a society to promote the development or betterment of communities without pecuniary profit to members may become incorporated; in § 2 that the constitution and by-laws of such society may be amended; and § 3 is as follows: "The property of corporations formed in good faith hereunder for other than pecuniary purposes and not for individual profit shall be exempt from all state, county and municipal taxation and licenses; but if used for any other purpose than legitimately pertains to

the object of such society, it shall not be so exempt."

The Act of February 19, 1919, was carried into the 1923 Code as §§ 7190, 7191, and 7192. §§ 7190 and 7191 of the 1923 Code appear without change, as § 150 of Title 10, Code 1940.

§ 7192 of the 1923 Code, which was § 3 of the 1919 Act, was revised or rewritten by the Code Committee, and appears in revised form as § 12 of Title 51, Code 1940, which is here under consideration.

On page 523 of the "Report From Minutes of Code Committee To Legislature, Alabama Code 1940," we find under Title 51, with reference to the origin of § 12, the following: "7192—R.C.C. to exempt Y.M.C.A.'s."

In 1919, the sales tax and its complement, the use tax as now imposed, were unknown in Alabama law. We do not think it can be seriously argued that the 1919 Act was passed by the legislature with any intent to exempt corporations organized under that act, or the storage, use, or other consumption of the property of such corporations, from liability for use tax, such as is assessed against appellant in the instant case.

In providing a tax exemption for Y. M. C. A.'s, the Code Committee selected a code section which previously had no effect except to exempt property of certain nonprofit corporations from ad valorem tax.

The language chosen in the revised code section to designate the subject of tax exemption, to wit, "property," is the same word previously used in the statute to provide an ad valorem tax exemption. Other words could have been used in the revision to designate the subject, but the same word was used.

Appellant's argument that § 12 is superfluous depends on the premise that appellant's property was used for "purposes purely charitable" and was therefore exempt under § 2(a).

There is authority holding that the property of Y. M. C. A.'s is not exempt from ad valorem tax under a statute which exempts "all buildings used *exclusively for charitable purposes,* with the land whereon the same are erected, and which may be necessary for the fair enjoyment thereof." (Emphasis supplied.)

We quote the syllabus by the court, in a case so holding:

"The buildings of the Young Men's Christian Association of the city of Paterson are not used exclusively for charitable purposes, within the meaning of the act of May 16, 1894 (3. Gen. St. p. 3320), which exempts buildings so used from taxation." Trustees of Y. M. C. A. v. City of Paterson, 61 N.J.L. 420, 39 A. 655; 84 C.J.S., Taxation, § 303, p. 627, note 91.

The Code Committee's action does not support appellant's premise mentioned above. Old § 7192 closes with the proviso: "* * * but if used for any other purpose than legitimately pertains to the object of such society, it shall not be so exempt."

Revised § 12, Title 51, Code 1940, recites that certain fees, admissions, service charges, or dues assessed by appellant shall not be included in the clause "for other than pecuniary gain and not for individual profit."

These recitals suggest that the action of the 1940 Code Committee expresses an intention to make certain that ad valorem tax exemption is granted to Y. M. C. A.'s, although some doubt may have existed as to whether or not Y. M. C. A.'s were entitled to such exemption under the language of § 2(a) of Title 51, Code 1940, or under the 1919 Act as it appeared in § 7192 of the 1923 Code.

We are not persuaded that § 12, Title 51, is superfluous as argued by appellant.

It does not appear unreasonable to expect that an exemption from use tax lia-

bility would appear in § 789 where 20 use tax exempt categories are listed, rather than in § 12 under an article which deals largely with ad valorem tax exemption.

Both Code sections were prepared by the same committee and enacted by the same legislature. The minutes of the Code Committee, supra, page 555, shows that the use tax exemption, § 789 of Title 51, originated in 1939 Acts, and was "Rewritten to include provisions of sales tax."

We are of the opinion that the legislative history of § 12, Title 51, does not support the contention of appellant.

Third. Appellant contends that the use tax is a tax on property because payment can be collected by the State out of appellant's property. It is doubtless true that collection could be made out of appellant's property. In fact, we do not know any other source from which collection of this tax, or any other tax, can be made.

If this contention of appellant be correct, then every conceivable tax is a tax on property because every tax is paid or discharged by the delivery of money, a class of property, 58 C.J.S., Money, p. 849, or is satisfied out of money realized from a sale of other property. This applies to income tax, license tax, privilege tax, and so far as we can conceive to every species of tax whatsoever.

Appellant's basic contention in this case is stated in Assignment of Error No. 2 in brief as follows:

"The Court erred in finding that the charitable use of Appellant's property is not the basic subject matter of the exemption of its property as provided by Section 12, Title 51, Code of Alabama, 1940."

We have undertaken to show why we do not think Assignment No. 2 is well taken.

We quote again from the decree of the trial court for a clear and, we think, a correct answer to appellant's contention:

"* * * While charitable use of the property limits and characterizes the extent and applicability of complainant's statutory property exemption, nevertheless such 'use' is not the basic *subject-matter* of the exemption which remains 'real and personal property' itself and as such, and an *excise* * such as the 'Use Tax' would seem to be applicable to complainant, inasmuch as the legislation imposing it does not specifically include such organizations as complainant-appellant within its exempt categories. The above authorities clearly distinguish such an excise from a 'property tax.' Also see 84 C.J.S., Taxation, § 229, p. 445, especially note 21. It is well settled that exemptions from taxation are strictly and somewhat literally construed against the beneficiaries thereof." (* Footnote omitted.)

The decree of the circuit court is due to be and is affirmed.

Affirmed.

All the Justices concur except GOODWYN, J., who concurs in the result.