748 So.2d 861 (1999)
Ernest Ray RITCH and Mary J. Ritch
v.
The ROBINSON-HUMPHREY COMPANY.
1971581.
Supreme Court of Alabama.
November 5, 1999.
Robert B. Eubank, Birmingham, for appellants.
A. Inge Selden III, Luther M. Dorr, Jr., and Alan F. Enslen of Maynard, Cooper & Gale, P.C., Birmingham, for appellee.
PER CURIAM.
The United States Court of Appeals for the Eleventh Circuit has certified to this Court the question whether in an action brought pursuant to Ala.Code 1975, § 8-6-19(a)(1), a portion of the Alabama Securities Act, for a violation of Rule 830-X-3-.12 of the Alabama Securities Commission, the plaintiff must prove causation.[1]
This is not the first time we have interpreted § 8-6-19(a). See, e.g., Gilford Partners v. Pizitz, 630 So.2d 404 (Ala. 1993); Banton v. Hackney, 557 So.2d 807 (Ala.1989); and Clark v. Cowart, 445 So.2d 884 (Ala.1984). However, we have not dealt with the issue whether the cause of action recognized by § 8-6-19(a)(1) contains a causation element.
In IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344, 346 (Ala. 1992), this Court discussed one of the cardinal rules of statutory construction:

*862 "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
See also DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala.1998). We conclude that this rule governs our resolution of this certified question.
The pertinent part of § 8-6-19(a) reads: "Any person who (1) Sells ... a security in violation of ... any rule ... imposed under this article ... is liable to the person buying the security from him...." The question, as we understand it, is whether in an action under § 8-6-19(a)(1) the buyer must prove that the seller's violation of the applicable rule (here, Rule 830-X-3-.12) induced or caused the buyer to purchase the security. After examining the statute, we can conclude only that § 8-6-19(a)(1) does not impose such a requirement. For the buyer to recover, the statute requires only that the buyer prove that the seller violated the rule when the buyer purchased a security from the seller. Of course, if the Legislature had intended for § 8-6-19(a)(1) to contain a causation element, then it could have easily included one in the statute. For example, the Legislature could have written the statute so that it read: "Any person who sells a security in violation of any rule imposed under this article is liable to the person buying the security from him if the person purchased the security because of the seller's violation of the rule." Whether the Legislature should have written a causation element into § 8-6-19(a)(1) is not for us to say. We do not pass judgment on the wisdom of statutes. It is well established that it "is our job to say what the law is, not what the law should be." DeKalb County LP Gas Co. v. Suburban Gas, supra, at 275. We hold, therefore, that § 8-6-19(a)(1) does not require a plaintiff to prove that he or she purchased a security because of the seller's violation of the rule.
The defendant argues that federal law should be persuasive in our consideration of § 8-6-19(a)(1) and should lead us to construe that statute as containing a causation element. However, it is a long-held rule in Alabama that statutory construction is necessary only in cases in which the language of the statute creates doubt. Kreutner v. State, 202 Ala. 287, 80 So. 125 (1918). Because § 8-6-19(a)(1) is clear on its face, this is not a situation in which we need to turn to federal law for assistance.
A cause of action based on § 8-6-19(a)(1), part of the Alabama Securities Act, related to a violation of Rule 830-3-.12 of the Alabama Securities Commission does not contain a causation element.
QUESTION ANSWERED.
HOUSTON, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ., concur.
HOOPER, C.J., and MADDOX and JOHNSTONE, JJ., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent from the holding that the Alabama statute does not include causation as an essential element of the tort. The silence of the statute on the element of causation more likely signifies elliptical drafting than intentional exclusion of the element.
Two corollaries are fundamental not only to Alabama's tort law itself but to the general understanding of this body of law among those who concern themselves with it. The first is that a plaintiff cannot recover for damages unless they result proximately from wrongdoing by the defendant. The second is that a plaintiff cannot recover for wrongdoing unless it has proximately caused the plaintiff's damages. Absent the relationship of proximate causation, one person's damages are *863 simply part of a host of tribulations that accompany mortal lifea part that cannot be charged civilly to anyone else no matter how mischievous he or she may be.
Thus, in drafting the statute, the legislators probably thought it went without saying that no one could recover in a tort action for wrongdoing not proximately causing damage any more than anyone could recover for damage not proximately caused by wrongdoing. We need to take care not to overestimate the legislators' precision in drafting and underestimate their antipathy to lawsuits not grounded on traditional legal precepts of fairness.
This case is the second departure by this Court in the past several months from the traditional precept that no one can recover for wrongdoing without proximately caused damages. The first departure was the case of Ex parte Panell, [Ms. 1962076, Dec. 30, 1999] ___ So.2d ___ (Ala.1999), holding that § 6-5-574, Ala.Code 1975, authorizes a client to sue his lawyer for legal malpractice without the accrual of any damages whatsoever.[2] This trend will generate a lot of lawsuits for errors and omissions harmful only in the abstract.
I respectfully submit that we should presume that an Alabama statute creating or defining a tort includes proximate causation as an essential element if the statute is silent in this regard. We should not find or hold that the legislature has created or defined a tort without the essential element of proximate causation unless the language of the statute expressly states that proximate causation is not an essential element of the tort.
HOOPER, C.J., and MADDOX, J., concur.
NOTES
[1] Rule 830-X-3-.12 of the Alabama Securities Commission ("Suitability of Recommendations"), a rule imposed under Ala.Code 1975, Title 8, Chapter 6, Article 1 (the Alabama Securities Act), provides:

"Every dealer, investment adviser and every associated person thereof who recommends to [a] customer the purchase, sale or exchange of any security shall have reasonable grounds to believe that the recommendation is suitable for such customer after reasonable inquiry concerning the customer's investment objectives, financial situation and needs, and any other information known by such dealer, investment advisor or associated person thereof."
[2] Because only four Justices agreed to this holding in Ex parte Panell, it is not binding precedent. This case is presently before us on rehearing. Thus its holdings and precedential effect have not been finally determined.