PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27 2000
THOMAS K. KAHN
CLERK

-------------
No. 97-6576
-------------
D.C. Docket No. 94-2763

ERNEST RAY RITCH and MARY J. RITCH,

Plaintiffs-Appellants,

versus

THE ROBINSON-HUMPHREY COMPANY, INC.,

Defendants-Appellees.

---------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
---------------------------------------------
**(April 27, 2000)**

Before CARNES, Circuit Judge, KRAVITCH, Senior Circuit Judge, and MILLS[*],
Senior District Judge.

RICHARD MILLS, Senior District Judge:

---

[*] Honorable Richard Mills, Senior U.S. District Judge for the Central District of Illinois, sitting
by designation.

In this case, Appellants Ernest Ray Ritch and Mary J. Ritch (the Ritches) alleged that their stockbroker inappropriately recommended that Mr. Ritch should buy, on margin, a substantial amount of stock in a company called Comptronix.[1] But the investment went sour, and the Ritches lost over $240,000 when the value of Comptronix stock plunged.

In their suit against Robinson-Humphrey, the Ritches asserted four separate claims based on the alleged inappropriate recommendation, and the case proceeded to a jury trial. We affirmed the district court's grant of judgment as a matter of law on three of the claims. See Ritch v. Robinson-Humphrey Co., 142 F.3d 1391 (11th Cir. 1998). The jury returned a verdict for Robinson-Humphrey on the fourth claim. The Ritches contend that they are entitled to a new trial on the fourth claim because the district court's instructions were erroneous.

The fourth claim was brought under § 8-6-19(a) of the Alabama Securities Act, which provides that a person who "sells or offers to sell a security in violation of any provision of this article or of any rule imposed under this article . . . is liable to the person buying the security from him . . . ." The rule that the broker allegedly violated in making the recommendation to purchase the shares of Comptronix stock on margin

---

[1] A more detailed recitation of the facts of the case is contained in our prior opinion. See Ritch v. Robinson-Humphrey, 142 F.3d 1391 (11th Cir. 1999).

is Rule 830-X-3-.12 of the Alabama Securities Commission, which provides that "[e]very investment adviser . . . who recommends to a customer the purchase . . . of any security shall have reasonable grounds to believe and shall believe that the recommendation is suitable for such customer . . . ."

Because it was unclear whether under Alabama law the Ritches had to prove that the broker's recommendation <u>caused</u> the Ritches to purchase the Comptronix stock, we certified the following question to the Alabama Supreme Court: "Whether a cause of action brought pursuant to 8-16-19(a)(1) of the Alabama Securities Act for a violation of the Alabama Securities Commission's Rule 830-X-3-.12 requires the element of causation?" <u>Ritch</u>, 142 F.3d at 1395. We greatly appreciate the Alabama Supreme Court's thoughtful consideration of this issue.

Our question was answered in the negative, making it clear that causation is <u>not</u> a required element of a cause of action under § 8-16-19(a)(1). <u>See</u> <u>Ritch v. Robinson-Humphrey Co.</u>, 748 So.2d 861 (Ala. 1999). Rather, under that section, a plaintiff need only prove that "the seller violated the rule when the buyer purchased a security from the seller." <u>Ritch</u>, 748 So.2d at 862.

When jury instructions do not accurately state the law so that we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations," we will reverse and order a new trial. <u>Carter v. DecisionOne Corp.</u>, 122

F.3d 997, 1005 (11th Cir. 1997)(quoting <u>Johnson v. Bryant</u>, 671 F.2d 1276, 1280 (11th Cir. 1982)).

In this case, the district court's instructions clearly informed the jury that one of the four elements that the Ritches had to prove was "that because of the defendant's (sic) agent's recommendation, the plaintiff purchased the 15,000 shares of stock and suffered a loss as a result thereof." This instruction and the accompanying special verdict form thus required the jury to find that the broker's recommendation was the cause of the Ritches' purchase of the stock.

Based on the special verdict forms, the jury found that the Ritches had proved by a preponderance of the evidence that Robinson-Humphrey's agent did in fact recommend that the Ritches purchase the shares of stock, and that in making the recommendation the agent failed to comply with the applicable regulations. But the jury also found that the Ritches did not purchase the stock because of the agent's recommendation. In other words, the jury found that the broker's recommendation did not cause the Ritches to purchase the Comptronix shares.

Because the Alabama Supreme Court has made it clear that liability under § 8-16-19(a)(1) does not contain a causation element, the injection of a causation element into the jurors' deliberations was error. The instruction and the special verdict form

were incorrect statements of the law which create a substantial doubt as to whether the jury was properly guided in its deliberations.

Thus, the Ritches are entitled to a new trial on their claim brought pursuant to Alabama Code 8-16-19(a)(1). The judgment in favor of Robinson-Humphrey on this claim is REVERSED and the case is REMANDED for a new trial.