117 So.2d 694

Harry HADEN, as Commissioner of Revenue,

v.

L. W. WATSON, d/b/a Dr. Pepper Bottling Company.

3 Div. 863.

Supreme Court of Alabama.

Jan. 21, 1960.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

Hill, Hill, Stovall & Carter, Montgomery, Albert Boutwell and Wm. H. Ellis, Birmingham, for appellee.

STAKELY, Justice.

This is a suit for a declaratory judgment brought by L. W. Watson, doing business as Dr. Pepper Bottling Company, Troy, Alabama (appellee), against Harry Haden, as Commissioner of Revenue of the State of Alabama (appellant).

In his bill of complaint, in equity, the complainant attacked the constitutional validity of § 481, Title 51, Code of 1940, as amended in 1943, 1955 Cumulative Pocket Part, Title 51, which in pertinent part reads as follows:

"Each person using or consuming carbonic acid gas (carbon dioxide) in manufacturing, compounding producing or bottling in bottles or other closed containers any soda water, soft drink, near beer, malt beverage, cereal beverage, including any drink or beverage by whatever name known or called, in addition to all other licenses or taxes imposed by this title, shall pay a license or privilege tax equal to two cents on each pound of carbonic acid gas so used or consumed by him. * * *."

The act is attacked on the grounds that the class or subclass which is designated in the statute as the subject of the tax is an arbitrary, capricious one and not one based on any real distinction or difference from other persons using carbonic acid gas. The bill prayed that the aforesaid license tax statute be declared unconstitutional and the complainant not liable for the tax but to be entitled to a refund under the provisions of § 810, Title 51, Code of 1940, in the sum of $140, which the complainant had paid to the state under protest on October 6, 1958, as such license tax.

The respondent filed an answer to the bill denying the allegations of the bill of complaint, asserting that the tax as levied was a valid levy against the complainant as a member of a properly designated class or subclass which is specifically covered by the taxing statute and that the taxing statute itself is a valid levy and exercise of the taxing power of the legislature and against the class or subclass of persons designated in the statute and the tax as so levied and applied against the complainant is valid and lawfully due to be paid by the complainant to the State of Alabama.

The case was heard orally before the court and was submitted on the pleadings and proof. Thereafter the court entered

its decree holding in effect that the tax provided in the foregoing statute as amended is violative of the provisions of the Constitution of Alabama and of the 14th amendment to the Federal Constitution in that it constitutes a substantial burden on the privilege of doing business and imposes a tax upon complainant's method of doing business and further that the statute purports to impose a tax upon carbonic acid gas (carbon dioxide) at the rate of two cents per pound when such carbonic acid gas (carbon dioxide) is used in manufacturing, compounding, producing or bottling in bottles or other closed containers any soft drink, etc., and is not imposed upon the use or consumption of carbonic acid gas (carbon dioxide) in manufacturing, compounding or producing soft drinks, etc., when such beverages are not produced or bottled in bottles or other closed containers and that there is no real or substantial basis for the alleged classification and the statute is arbitrary, discriminatory and capricious and therefore unconstitutional and void.

The court also decreed a refund of $140 previously paid by the complainant under protest.

This appeal followed the foregoing decree.

The original bill of complaint was filed against Arthur Joe Grant in his capacity as Commissioner of Revenue and amendment was twice allowed changing the name of the commissioner until the present appellant was finally named commissioner, having succeeded to the office by the time the case was tried.

The salient facts as shown by the evidence are as follows. The complainant is a resident of Pike County, Alabama. He is engaged in the manufacture of a soft drink at Troy, Alabama, called Dr. Pepper, one of the ingredients of which is carbon dioxide gas. He bottled his drinks in bottles or closed containers and, therefore, paid the license tax.

There is another method of manufacturing or mixing these drinks which is in use at soda founts where they have the carbonated water and have a carbonator just like that used in bottling plants. They put in the syrup and pull the handle and get the carbonated water, except that it goes into a cup or other open container of some kind. No license is charged on this method of manufacturing or mixing drinks.

The testimony also tends to show that there is a vending machine called a Post-Mix which is operated on the same principle. This machine has a small cylinder of $CO_2$ gas and a water line and syrup. A coin is dropped into a box. The customer receives the syrup out of one line and the carbonated water out of another line. The drinks are mixed in a cup when it falls out of the machine into an open container. No tax is imposed on such drinks mixed by the Post-Mix machine. Persons using this method provide substantial competition to the bottling industry.

There is also a machine called a Pre Mix machine. Its product is mixed in a closed cylinder prior to being released into an open cup. This product, since it is mixed in a closed container, is taxed.

There is evidence tending to show that the major part of the bottling business is wholesale but some of it is retail. The evidence tends to show that there are other users of $CO_2$ gas none of whom are taxed under the Alabama statute. These include ice cream people, meat packers, etc. There is also evidence tending to show that the bottling business is being undersold by untaxed machines by eight-tenths of a cent per drink.

I. The predecessor of the license in question was first passed in the Regular Session of the Legislature 1935 (1935 Acts, p. 450) and there applied to "each person selling, distributing or using carbonic acid gas or any substitute therefor, for any purpose * * *." In 1943 (1943 Acts, p. 319), this statute was amended to eliminate the license as to all users of $CO_2$ gas except to apply it to drinks or beverages and then only if the drink or beverage was put in a "closed container."

As we analyze this case the question for decision is whether Section 481, Title 51, Code of 1940, as amended in 1943 (§ 481, Title 51, p. 283, 1955 Cumulative Pocket Part, Code of 1940), is invalid and unconstitutional as administered and applied by the State Department of Revenue. The amended statute has been in force and effect since 1943. The tax is applied to all manufacturers of soft drinks in bottles or closed containers, who use in this connection carbonic acid gas. This court has often stated the principles which govern in determining a question of the kind now before us. In the recent case of Ray E. Loper Lumber Co. v. State, 269 Ala. 425, 113 So.2d 686, this court quoted with approval excerpts from Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327, also from Louis K. Liggett Co. v. Lee, 288 U.S. 517, 53 S.Ct. 481, 77 L.Ed. 929, 85 A.L.R. 699; Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480, and Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

We need not set forth again the excerpts from the cases to which we have referred.

■ We do note that the power to tax is essentially an attribute of sovereignty conferred by the people, through the constitution, on the state, and is vested in the legislative department. American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880. The legislature has the broadest range and powers in establishing classifications or subclassifications for the purpose of license and excise taxes. State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 843. Further the legislature in classifying subjects for taxation is not required to state the grounds for classification. State v. Pure Oil Co., supra. Legislative classifications in tax matters are presumably valid, the burden being on the challenger to prove that such a classification or subclassification does not rest on a reasonable basis and such statutes are not to be deemed unconstitutional or invalid if any state of facts can be conceived which would support the subject of the tax. Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13; Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662; State v. Pure Oil Co., supra.

■ Furthermore particular privileges, occupations, classes or subclasses of businesses may be licensed and taxed and other privileges, occupations or businesses need not be included and can be entirely exempt therefrom. Henry v. Shevinsky, 239 Ala. 293, 195 So. 222; State v. Pure Oil Co., supra.

■ In other words the classification of occupations and privileges for taxation is largely a matter of legislative discretion, and it will not be interfered with by the courts as being in violation of the rules of equality and uniformity unless it is palpably arbitrary and unreasonable and unless there is no conceivable state of facts which would support it. State v. Pure Oil Co., supra; Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L. Ed. 1245, 109 A.L.R. 1327; Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402, 110 A.L.R. 1479.

A license tax on certain maufacturers or certain types of manufacturers is not uncommon and such statutes have been upheld as a valid exercise of the legislative power to tax and to classify. Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484; Alaska Fish Salting & By-Products Co., v. Smith, 255 U.S. 44, 41 S.Ct. 219, 65 L.Ed. 489.

While we have not been able to ascertain any Alabama case which deals with the particular statute now under consideration, there are a number of cases in other states relating to beverage dealers and bottlers where the courts have clearly upheld license taxes where a difference is made between those who mix and sell drinks at retail over the counter and bottlers of soft drinks. Wingfield v. South Carolina Tax Commission, 147 S.C. 116, 144 S.E. 846; City of Milwaukee v. Kaun, 204 Wis. 103, 235 N.W. 551; Montana Beer Retailers' Protective Ass'n v. State Board of Equalization, 95 Mont. 30, 25 P.2d 128.

■ It is quite true that the statute here involved makes no reference to wholesalers and retailers. However we consider that the bottlers in the present case who sell largely by wholesale differ from soda fountain operators and other small operators who sell drinks in open cups or glasses at retail direct to the consumer and in small quantities, whether it be done over a counter or through a vending machine. State v. Pure Oil Co., supra. It seems to us that this is the basis for a reasonable distinction and is certainly not arbitrary or discriminatory.

After a careful consideration we have concluded that the statute should be held to be constitutional and not violative of any constitutional rights of the appellee and that the tax assessed against the appellee should be reinstated. Accordingly we have concluded that the judgment of the lower court should be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.