This is an appeal from a judgment in circuit court sustaining an assessment of taxes by the State of Alabama under Title 51, Sec. 596 (1), Code of Alabama (1940), known as Highway Contractors Gross Receipts Tax.
The pertinent part of the statute is as follows:
 "(1) There is hereby levied . . . a privilege or license tax . . . as follows:
 "Upon every person, firm or corporation engaged . . . in the business of contracting to construct, reconstruct or build any public highway, road, bridge, or street, an amount equal to five percent (5%) of the gross receipts of such business. . . .
. . . . .
 "(4) The taxes levied herein shall not apply . . . to contracts made by the contractor with any incorporated city or town nor to any contracts to which any county of the state of Alabama is a party."
Taxpayer is Barron-Leggett Electric, Inc. of Pascagoula, Mississippi, hereafter called Barron. On August 1, 1972, Barron was awarded a contract by the Alabama Highway Department to install the lighting system on and along portions of Interstate Highways 65 and 10 in Mobile County. On May 1, 1973, the Department of Revenue entered an assessment for tax against Barron upon the gross proceeds received from the contract. That assessment proceeded to trial in circuit court and is here on appeal by Barron.
Primary issues presented on appeal are: (1) Is the statute constitutional and, (2) Does the contract of Barron fall within the purview of the statute?
Barron contends for unconstitutionality of the statute in four areas. It says there is absence of due process because the provisions are uncertain and indefinite when applied to include electrical contractors. The argument upon this contention is brief and will be answered negatively in our discussion of the applicability of the statute to Barron. *Page 1126 
Barron contends the statute does not meet constitutional tests of equality and uniformity and is a discriminatory classification. We do not agree. The basic premise of Barron's argument is that the tax as applied is charged only to electrical contractors who engage in highway construction and not to all electrical contractors as a class. Such premise may be true, but it fails to recognize the proper classification taxed. The tax falls as a class upon contractors who engage in construction of a public highway, road, bridge or street and not upon a particular area of art, skill or expertise. The privilege taxed is that of engaging or participating in highway construction, not the privilege of engaging in electrical, landscaping, excavating, site preparation, bridge, engineering, paving, or other phases of contracting which may be related to highway construction. Whatever class of contractor one may fall in, it is only when engaged in highway construction that the burden of the tax applies. It falls equally and uniformly upon all who become so engaged.
 "The legislature has the broadest range and powers in establishing classifications or subclassifications for the purpose of license and excise taxes. State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 843. Further the legislature in classifying subjects for taxation is not required to state the grounds for classification. . . ."
 "Furthermore particular privileges, occupations, classes or subclasses of businesses may be licensed and taxed and other privileges, occupations or businesses need not be included and can be entirely exempt therefrom. . . ." Haden v. Watson, 270 Ala. 277, 117 So.2d 694.
Within the last 20 years, the construction of public highways has become one of the great industries of the economy. It requires contribution from varied and prolix fields of art and skill. It has consumed billions of tax dollars and presumably resulted in profit to the artisans involved. We can conceive of no more prominent and reasonable classification for placing a privilege tax upon those participating in the windfall. Taxation of such a privilege is not arbitrary or unreasonable and does not violate constitutional rules of equality and uniformity. Carmichael v. Southern Coal Coke Co.,301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245.
Barron contends that because it is taxed when constructing highway light systems while other electrical contractors are not taxed when constructing light systems other than on highways results in discrimination. Such argument again refuses to recognize the proper classification of the statute. Barron is not taxed for the privilege of being an electrical contractor but for the privilege of constructing public highways. All electrical contractors constructing lighting systems on highways are taxed without discrimination. A license or privilege tax upon certain businesses or certain methods of doing business is not uncommon and has been upheld as a valid exercise of the legislative power to tax and classify. Haden v.Watson, supra.
The argument of Barron that the provisions of the statute exempting construction contracts made with any city, town or county is discriminatory against the federal government is not well taken. The ruling of the trial court that such exemption is unconstitutional is erroneous. We are compelled to hold the judgment of the trial court in such respect erroneous even though the State did not appeal. Such necessity arises because we are convinced, as contended by Barron, that to strike the exemption thereby imposing the tax upon street construction contracts of cities, towns and counties, would result in imposing a tax by judicial action. We are further convinced that the exemption is not severable from the statute. It is evident that the legislature did not intend that the contracts of cities, towns and counties be burdened with the tax. Severance of legal provisions of a statute from those which are illegal, in order to save the legal may be done only when it is plain that the legislature would have enacted the statute with the illegal provisions removed. Howard v. Illinois Central R.Co., 207 U.S. 463, 28 S.Ct. 141, *Page 1127 52 L.Ed. 297; City of Mobile v. Salter, 287 Ala. 660, 255 So.2d 5.
The effect of eliminating the exemption in this statute presents a substantial question of whether the legislature would have enacted the statute without the exemption.
Barron having presented the error of the trial court in striking the exemption and saving the statute by severance, we hold the action of the court to have been in error.
If the exemption is restored, Barron then argues that it renders the whole statute unconstitutional in that it is discriminatory against those who contract with the federal government.
This argument is premised upon the contention that the construction of highways by the state is largely financed by funds derived from the federal government, while the construction of roads and streets by cities, towns and counties are not so financed.
The argument must fail. Conceding that it is common knowledge that most of the money involved in the construction of interstate highway by the state is contributed by the federal government, such contribution does not prevent taxation by the state of the funds derived from the contract in the hands of a contractor. Smith v. Davis, 323 U.S. 111, 89 L.Ed. 107,65 S.Ct. 157; McPheeter v. City of Auburn, 288 Ala. 286,259 So.2d 833.
Barron submits that exempting the contracts of cities and counties implies that the purpose of the legislature was to tax only contractors paid primarily with federal funds. That position is mere conjecture and supposition. The court has judicial knowledge that substantial funds for construction of capital improvements in state, city and county are derived from some federal source. To prohibit taxation of monies derived from such projects after it comes into possession of the contractor would narrowly limit the taxing process.
The power of the legislature to exempt from taxation unless restricted by express constitutional provisions is as broad as its power to tax. Carmichael v. Southern Coal Coke Co.,supra. The legislature is free to exempt according to its views of public policy and expediency. Rogers v. Hennepin County,240 U.S. 184, 36 S.Ct. 265, 60 L.Ed. 594. The exemption from the burden of the tax given by the statute to contractors building or repairing roads and streets of cities and counties has a clear and obvious purpose of public policy. We would expect many of the same contractors who must pay the tax upon state contracts are exempt therefrom when participating in the relatively smaller contracts with cities and counties. In such instances they benefit from the exemption.
Barron submits that as an electrical contractor building lighting systems for a highway it does not come within the statute. We cannot agree.
The terms of a statute are to be given their usual and ordinary meaning as accepted by the public or as used in the trade or profession to which the statute applies. The instant statute was enacted by the legislature inapplies. 1963 and amended in 1971. It was passed by the legislature at a time when modern methods of highway construction were well known to the legislature and the public generally. It was passed at a time when it was well known that highway construction involved the use of the combined special skills of many contractors. The only definition of "highway" in the Code of Alabama is found in Title 36, Sec. 1 (12) and is as follows:
 "(12) `Highway.' Every way or place of whatever nature open to the use of the public as a matter of right for purposes of vehicular travel. The term `highway' shall include the full width of the right of way of any public road, street, avenue, alley, or boulevard, bridge, viaduct or trestle, and the approaches thereto, within the limits of the state of Alabama. The term `highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons." *Page 1128 
Every contract let in the process of building a highway according to the design and specifications as prepared by the highway department would appear to be part of the total purpose of highway construction. If it were the practice to let a total contract to one contractor for a "Lock Key" job, could it logically be contended that the tax would not apply to the construction of the lights or to the erection of signs or traffic signals? We do not think so. The intent of the legislature was clearly not so limited. One need only observe the tremendous undertaking of cutting a right of way through the mountains and valleys of Alabama to realize that the cost of construction and paving of only the traveled portion of the highway is of relative insignificance. The cost of installation of the lighting system for an urban interstate highway is of small significance when related to the whole, but it is without question a part of the total planned construction. There is no ambiguity in the terms of the statute in light of common understanding of the meaning of "highway." There certainly is no ambiguity to a contractor who views the overall construction plans and specifications and enters a bid for a portion thereof.
We affirm the judgment of the trial court that the statute is applicable to Barron and that it is constitutional. We reverse the judgment insofar as it strikes therefrom the exemption as discriminatory.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
BRADLEY and HOLMES, JJ., concur.