The appellees, Gulas Wrestling Enterprises, Inc., et al., filed a declaratory judgment action for a determination as to the constitutionality of Code 1975, §§ 41-9-90 through -126, and Act No. 80-121, Acts of Alabama, 1980. The appellees' complaint alleged that the statutory provisions were unconstitutional on the grounds that the licenses, fees and taxes imposed by the statutes deny them due process and equal protection of the law and that the statutes are *Page 368 
discriminatory and confiscatory and provide for double taxation. Further, the complaint alleged that the statutes violate Art. I, § 22; Art. IV, § 73; and Art. IV, § 93, of the Alabama Constitution. The trial court held the statutes in question unconstitutional. From the adverse ruling, Eagerton, in his capacity as Commissioner of Revenue appeals
The Alabama Legislature passed Act No. 80-121, Acts of Alabama, 1980, in response to a report prepared by the Department of Examiners of Public Accounts of the State of Alabama. The trial court record discloses that the examiners, in their report pertaining to the operation of the Boxing and Wrestling Commission as established by Code 1975, §§ 41-9-90
through -103, and §§ 41-9-120 through -126, reached the following conclusions:
 The three member Boxing and Wrestling Commission was created in 1939 to regulate and control professional boxing and wrestling in Alabama. The Commission operates solely from its receipts and receives no appropriation from the legislature
 The powers and duties prescribed to the Commission gives [sic] them almost unlimited and total control over every aspect of boxing and wrestling. Such a situation could easily be abused
 The Commission has no full-time employees. It has appointed a secretary who is responsible for keeping a record of Commission meetings, collecting revenue and issuing licenses and permits. Compensation for this position is $100.00 a month
 The Commission is authorized by statutory provision to collect a gross admission receipts tax on all boxing and wrestling matches except those held by educational institutions and military organizations If a boxing or wrestling match is sponsored by a patriotic organization chartered by authority of a special act of the Congress of the United States, the amount of tax collected by the Commission is 10% rather than 17 1/2%. One promoter's representative revealed that it was their policy to always be sponsored by a patriotic organization, thus saving 7 1/2% Commission tax
 Two wrestling matches were attended for purposes of this review. Violations of the Commission's enabling legislation and Rules and Regulations were noted Permits to hold the matches were not in accordance with Commission Rules and Regulations. One ticket taker's license had expired, and seven of twelve wrestlers at one match did not have current licenses with them at the time of the scheduled match
 The Commission owns a substantial amount of office equipment even though it has no full-time employees Most of the equipment is located at the American Legion Headquarters in Montgomery and is used by the Legion on a regular basis. Maintenance agreements on much of this equipment used by the Legion are kept in effect by the Commission
 One half of all monies received by the Commission is paid to the American Legion. This is in conflict with the Code of Alabama 1975, § 41-9-91. The total overpaid to the American Legion for the past two fiscal years is in excess of $65,000.00 Additionally, the provision which authorizes a portion of the Boxing and Wrestling Commission's receipts be paid to the American Legion may be in conflict with the Alabama Constitution of 1901
 The Commission is in violation of its Rule # 18 which requires that tickets of different prices must be printed on cardboard of different and distinctive colors with admission prices shown on same. The Commission has not enforced the pre-printing of tickets which show the total price and sales tax on each ticket, therefore, an erroneous and smaller Boxing and Wrestling Tax is being collected by the Commission
The Act, passed by the Legislature in 1980, repealed Code 1975, §§ 41-9-90 through -95 inclusively and §§ 41-9-97 through -126 inclusively, "so as to terminate the existence and functioning of the *Page 369 
Alabama Boxing and Wrestling Commission and to amend section41-9-96. . . ." 1980 Acts of Alabama, No. 121. The effect of the 1980 Act, in addition to abolishing the Boxing and Wrestling Commission, is to (1) establish a state athletic commission; (2) retain the licenses, permits and taxes relating to boxing and wrestling, but make the commissioner of revenue responsible for the collection and administration thereof; (3) offer to sell to the American Legion, department of Alabama, all furniture and equipment belonging to the discontinued Boxing and Wrestling Commission, after appraisal, with all other supplies and other belongings of the discontinued commission to be transferred to the commissioner of the department of revenue; (4) waive all debts incurred by the American Legion, department of Alabama, to the state regarding the disposition of funds collected by the Boxing and Wrestling Commission between October 31, 1977, and the enactment of the 1980 bill; and (5) continue to require that one-half of the monies collected from the fees, licenses and taxes, after expenses, be paid to the American Legion, department of Alabama, with the remaining half to be paid into the state general fund
We find that there are three principal issues dispositive of this appeal:
1. Whether the state has the authority to require that boxing, sparring and wrestling events be regulated through the use of permits, licenses and taxes;
2. Whether Article IV, § 73, of the Alabama Constitution was violated because a two-thirds vote of both Houses of the Legislature was not obtained in the passage of Act No. 80-121; and
3. Whether the portions of the Act dealing with the American Legion, department of Alabama, are severable from the remainder of the Act
As a general proposition, it is settled law that the state has the police power to regulate through the use of permits, licenses and taxes
 We do note that the power to tax is essentially an attribute of sovereignty conferred by the people, through the constitution, on the state, and is vested in the legislative department. American Bakeries Co v. City of Huntsville, 232 Ala. 612, 168 So. 880. The legislature has the broadest range and powers in establishing classifications or subclassifications for the purpose of license and excise taxes. State v Pure Oil Co., 256 Ala. 534, 55 So.2d 843. Further the legislature in classifying subjects for taxation is not required to state the grounds for classification State v. Pure Oil Co., supra. Legislative classifications in tax matters are presumably valid, the burden being on the challenger to prove that such a classification or subclassification does not rest on a reasonable basis and such statutes are not to be deemed unconstitutional or invalid if any state of facts can be conceived which would support the subject of the tax. Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13; Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662; State v. Pure Oil Co., supra.
 Furthermore particular privileges, occupations, classes or subclasses of businesses may be licensed and taxed and other privileges, occupations or businesses need not be included and can be entirely exempt therefrom. Henry v. Shevinsky, 239 Ala. 293, 195 So. 222; State v. Pure Oil Co., supra.
 In other words the classification of occupations and privileges for taxation is largely a matter of legislative discretion, and it will not be interfered with by the courts as being in violation of the rules of equality and uniformity unless it is palpably arbitrary and unreasonable and unless there is no conceivable state of facts which would support it State v. Pure Oil Co., supra; Carmichael v. Southern Coal Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed 1245, 109 A.L.R. 1327; Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402, 110 A.L.R 1479
 A license tax on certain manufacturers or certain types of manufacturers is not uncommon and such statutes have been upheld as a valid exercise of the legislative *Page 370 
power to tax and to classify. Touart v. American Cyanamid Co., 250 Ala. 551, 35 So.2d 484; Alaska Fish Salting By-Products Co. v. Smith, 255 U.S. 44, 41 S.Ct. 219, 65 L.Ed. 489
Haden v. Watson, 270 Ala. 277, 281, 117 So.2d 694, 696-97 (1960)
Appellees contend that boxing and wrestling are being singled out as the only sports to be regulated. It is our opinion that the state has the authority to regulate boxing, sparring and wrestling regardless of the absence of, or the existence of, lesser regulations imposed on other sporting events in the state
The basic tenet of the equal protection clause is not that all persons must be treated equally, but rather that all personssimilarly situated must be treated equally. See, Hayes vMissouri, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578 (1887). In this case, there is no suspect class nor any fundamental right involved. The equal protection clause does not take from the state the power to establish classes in which to regulate through forms of permits, licenses and taxes. States are allowed a wide range of discretion as long as that which is enacted by the legislature has some reasonable basis and is not purely arbitrary
 Since the members of a legislature necessarily enjoy a familiarity with local conditions which this Court cannot have, the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes
Madden v. Kentucky, 309 U.S. 83, 88, 60 S.Ct. 406, 408,84 L.Ed 590 (1940). "Similarly, it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it." Allied Stores of Ohio, Inc. v. Bowers,358 U.S. 522, 528, 79 S.Ct. 437, 441, 3 L.Ed.2d 480 (1959). "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." Maddenv. Kentucky, 309 U.S. at 88, 60 S.Ct. at 408. Appellees have not offered any evidence that the regulation of boxing, sparring and wrestling is arbitrary, nor have they shown that there is no conceivable rational basis for the statutory regulation. The privilege taxed is that of engaging or participating in wrestling, sparring or boxing in Alabama, and the regulation is imposed upon that privilege, not the privilege of engaging in a sporting event. See, Barron-Leggett-Electric, Inc. v. Departmentof Revenue, 336 So.2d 1124 (Ala. Civ. App), cert. denied,336 So.2d 1128 (Ala. 1976). The Alabama Legislature has the authority to regulate wrestling, sparring and boxing in the manner prescribed in Act No. 80-121 and we believe the legislation has a rational basis and is not arbitrary
However, while the Legislature has the power to regulate wrestling, sparring and boxing, the distribution, by the Legislature, of one-half the monies to the American Legion was improperly accomplished and violates Art. IV, § 73, of the Alabama Constitution. This provision of our state constitution reads as follows: "No appropriation shall be made to any charitable or educational institution not under the absolute control of the state . . . except by a vote of two-thirds of all the members elected to each house." There are 105 members of the Alabama House of Representatives. The evidence shows that the vote in the House on the bill enacted as Act No. 80-121 was Yeas 67; Nays 0. This was not a two-thirds vote
The record also shows that the American Legion, department of Alabama, is a charitable organization that has engaged since 1920 in the following programs:
Rehabilitation
 Supporting programs in the Veterans Administration hospitals. A continued program assisting the veteran and the veteran's family
Youth Programs
 Boys State; Boys Scouts; Oratorical Contest; Baseball; ROTC (College and High School); City 
County Government; 4-H Club *Page 371 
Scholarship Program
 The American Legion and the American Legion Auxiliary maintain forty-nine scholarships in colleges throughout Alabama
Law Enforcement Officer and Fireman Program
 A statewide program promoting recognition of the important role that law enforcement officials and the firemen of Alabama play in keeping our state secure
Historical Commission
 The Historical Commission is continuously marking and monitoring veterans' graves throughout the state of Alabama of Alabama veterans of all wars in which Alabama has been engaged. Some burial sites and cemeteries have been completely restored Plaques and markers have been placed at many historical sites in Alabama. More than 1,000 plaques and markers have been placed during 1979-80
The American Legion, department of Alabama,[1] is a voluntary association, incorporated as a non-profit veterans organizationChapman v. American Legion, 244 Ala. 553, 556, 14 So.2d 225
(1943). Therefore, the American Legion, department of Alabama, is a charitable organization not under the absolute control of the state. While the Legislature had the power to designate the American Legion, department of Alabama, as a recipient of one-half the monies collected, our constitution requires that the bill be passed by a two-thirds vote of all of the members in each House. This was not done. Therefore, the appropriation to the American Legion, department of Alabama, is constitutionally deficient
The question that remains is whether the appropriation to the American Legion, department of Alabama, can be severed from Act No. 80-121 or whether the entire Act must fall
The Act in question contains a severability clause. We must decide whether the remaining portions of Act No. 80-121 can be given effect without the invalid provisions. In order to resolve this issue, it is necessary to consider the primary focus of the Act, that is, its purpose. If the primary purpose of the Act was to provide a source of revenue for the American Legion, department of Alabama, the entire Act must fall. If, however, the primary purpose of the Act was to regulate wrestling, sparring and boxing and the provisions in the Act can still operate after excising the unconstitutional part, the remaining portions of the Act can remain in effect
We believe that the primary purpose of the Legislature in enacting the 1980 law was to continue the regulation of boxing, sparring and wrestling. In 1939, the Alabama Legislature enacted Act No. 489 which prohibited boxing, sparring and wrestling matches and exhibitions except those regulated, supervised and controlled by the Alabama Boxing and Wrestling Commission. The 1939 commission was appointed by the governor. Permits and licenses were required as in the 1980 Act. No reference whatsoever to the American Legion, department of Alabama, appeared in the 1939 Act. See, 1939 Acts of Alabama, No. 489. The designation of the American Legion, department of Alabama, as recipient of a portion of the monies collected from the regulation of boxing, sparring and wrestling occurred in 1973 The Alabama Legislature in that year amended the 1939 Act to provide for the payments to the American Legion. See, 1973 Acts of Alabama, No. 1241. These amendments passed the Legislature with the necessary two-thirds vote. See, 1973 Alabama House Journal, at 5193; 1973 Alabama Senate Journal at 2458
It is apparent that the Legislature, after considering the problems in the operation of the Boxing and Wrestling Commission, acted on the recommendation of the Sunset Committee (see, Code 1975, §§ 41-20-1 through -16) and revised the commission. The Legislature by enacting Act No. 80-121 sought to restructure the commission regulating boxing, sparring and wrestling through the establishment of a state athletic commission. The establishment of a new *Page 372 
commission was well within the power of the Legislature and is constitutional. This Court should not contravene the clear intent of the Legislature, which is to regulate boxing, sparring and wrestling. We cannot, however, determine whether the Legislature would adjust the dollar amounts for permits, licenses and taxes established for the regulation of boxing, sparring and wrestling in light of our holding that the procedure of designating one-half of these monies to the American Legion, department of Alabama, is unconstitutional. Classifying and fixing the measure of a regulatory tax are legislative and not judicial functions The Legislature may decide the amount of money to be charged for permits, licenses and taxes and to distribute such funds in accord with its determination
The remaining issues raised by appellees concerning Art. I, § 22, and Art. IV, § 93, of the Alabama Constitution need not be decided in view of our decision on the principal issues considered herein
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
All Justices concur
[1] The designation "department of Alabama" is a classification of the Alabama membership by the national organization; the organization is not an auxiliary of the State of Alabama.