One reading the majority opinion would conclude that the majority was going to uphold the constitutionality of the act that requires that persons selling gasohol place a label on the tank to give notice to consumers that the gasoline they are purchasing is enhanced by a minimum of 10% ethyl alcohol. For example, the majority states these correct principles of law in the opinion: *Page 217 
 " 'The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confined to a separate body of magistracy, to wit: Those which are legislative to one; those which are executive, to another; and those which are judicial, to another.' [Quoting Ala. Const. 1901, § 42.]
"* * * *
 "To assure that we, the Judiciary, do not exercise power reserved by the Constitution to the Legislature, and thereby violate the fundamental law separating the powers of government into three distinct departments, we have held that when testing the constitutionality of a statute the only question for the court to decide is one of legislative power, not of legislative expediency or legislative wisdom. All questions of propriety, wisdom, necessity, utility, and expediency are exclusively for the Legislature to determine and are matters with which the courts have no concern. Reed v. Brunson, 527 So.2d 102 (Ala. 1988); Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 9-10, 18 So.2d 810, 815 (1944); Fireman's Fund American Insurance Co. v. Coleman, 394 So.2d 334, 352-53 (Ala. 1980) (Shores, J., concurring in the result).
"* * * *
 " ' ". . . A state Legislature, in the enactment of laws, has the widest possible latitude within the limits of the Constitution. In the nature of the case it cannot record a complete catalog of the considerations which move its members to enact laws. In the absence of such a record courts cannot assume that its action is capricious, or that, with its informed acquaintance with local conditions to which the legislation is to be applied, it was not aware of facts which afford reasonable basis for its action. Only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve to the legislative branch its rightful independence and its ability to function." '
"* * * *
 " '. . . 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. . . . [Emphasis added by the majority.]
"* * * *
 "This Court also has held that a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. See Ray E. Loper Lumber Co. v. State, [269 Ala. 425, 113 So.2d 686, (1959)], City of Birmingham v. Stegall Co., 439 So.2d 91 (Ala. 1983); Eagerton v. Exchange Oil Gas Corp., 404 So.2d 1 (Ala. 1981); Haden v. Watson, 270 Ala. 277, 117 So.2d 694
(1960)."
The majority also holds that "the trial court misperceived its duty as a factfinder"; that its sole duty was "to determine if there was any state of facts that could reasonably be conceived that would sustain the legislative distinction between gasoline and gasohol"; and that "[w]e can readily see that there is a state of facts that could reasonably be conceived that would sustain the statute." Nevertheless, the majority, after stating all these correct principles of law that guide courts in matters of statutory construction, concludes:
 "The Legislature has the power to require the labeling of petroleum products, but it does not have the power to require labeling that would confuse and mislead the consuming public and substantially diminish the plaintiffs' business by doing so. Since subsection (c) of Act No. 87277 would do both, it is unconstitutional for being overly broad and unreasonable."
The majority, in my opinion, by concluding that the label is confusing and misleading and will "substantially diminish the plaintiffs' business," violates the very separation of powers doctrine contained in this *Page 218 
Court's recent case of Reed v. Brunson, 527 So.2d 102 (Ala. 1988), and cited in the majority opinion. The majority correctly states the law that "[a]ll questions of propriety, wisdom, necessity, utility, and expediency are exclusively for the Legislature to determine and are matters with which the courts have no concern," but then substitutes its own judgment for what it considers wise, proper, and necessary.
Unquestionably, the product the plaintiffs are dispensing is within the standard dictionary definitions of "gasohol." Although gasoline enhanced with other forms of alcohol is also included within the definitions of "gasohol," the act does not prevent the plaintiffs from advising customers, by whatever means, that the product they sell is enhanced with ethanol.[1] If "gasohol" accurately describes the product that is being dispensed, how can a label that advises customers of this fact be confusing?[2] If the placing of the label "gasohol" on the tanks will cause plaintiffs' business to be "substantially diminished," does that mean that plaintiffs' customers may not now know they are purchasing gasohol? In other words, do customers who are now buying gasohol from the plaintiffs think they are, in fact, getting the same product that is sold by retailers whose gasoline is not enhanced by ethyl alcohol? If so, why could the Legislature not eliminate this confusion? The "wisdom" of this legislation, I believe, is solely a legislative concern. If the effect of the law would be to diminish this particular business, that is a legislative choice, except in rare instances where the regulation is so onerous as to close a business entirely.
I agree with the majority that "there is a state of facts that could reasonably be conceived that would sustain the statute." Because of that fact, I cannot understand why the majority concludes that the statute is unconstitutional. I must respectfully dissent, because I believe the Court has substituted its wisdom as to the propriety of the statute for that of the Legislature. Reed v. Brunson, supra.
TORBERT, C.J., concurs.
[1] The act would not prevent the plaintiffs from making truthful claims about their product in advertising or in other information.
[2] I remember when similar labels and signs were required for oleomargarine and ice milk.